IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORIX CAPITAL MARKETS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Bucklo |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| COMMERCIAL VENTURES, INC., | ) | No. 08 C 1492 |
| | ) | |
| Defendant. | ) | |

**COMMERCIAL VENTURES, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF ORIX CAPITAL MARKET'S COMPLAINT**

Defendant, COMMERCIAL VENTURES, INC. ("CVI"), by and through its undersigned counsel of record, for its Answer to Plaintiff ORIX CAPITAL MARKETS, LLC's Complaint, states as follows.

**THE PARTIES**

1.  Plaintiff ORIX Capital Markets, LLC ("ORIX") is a Delaware limited liability company, with its principal place of business located in Dallas, Texas.

**ANSWER:** CVI lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.  Defendant Commercial Ventures, Inc. ("CVI") is a Delaware corporation, with a principal place of business located, upon information and belief, in Los Angeles, California.

**ANSWER:** CVI admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

**JURISDICTION**

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.

**ANSWER:** The allegations set forth in Paragraph 3 of Plaintiff's Complaint state a legal conclusion to which no response from CVI is required. To the extent a response is required, CVI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

## VENUE

4.  Venue is proper in this district because the contract which forms the basis of this Complaint expressly states, in relevant part, "any suit, action or other legal proceeding relating to this Guaranty may be brought only in the Circuit Court of Cook County or Federal District Court for the Northern District of Illinois, Eastern District...." Further, venue is proper in this district pursuant to § 1391(a), in that the contract which forms the basis of this complaint originated in this district.

**ANSWER:** The allegations set forth in Paragraph 4 of Plaintiff's Complaint state a legal conclusion to which no response from CVI is required. To the extent a response is required, CVI admits that Plaintiff has accurately quoted the referenced provision as set forth in the Payment Guaranty. Further answering, CVI states that the Payment Guaranty speaks for itself and denies any allegation set forth in Paragraph 4 of Plaintiff's Complaint that misstates or mischaracterizes the terms and conditions set forth in the Payment Guaranty.

## FACTS

5.  On or about February 28, 2006, ORIX's predecessor in interest, ORIX Real Estate Capital, Inc. ("*OREC*", and together with ORIX and their respective successors and assigns, hereinafter sometimes referred to individually or collectively, as the context requires, as the "*Lender*"), with an office located in Chicago, Illinois, and The Landings Florida LLC ("*The Landings*"), entered into a Note (the "*Note*") and a Loan and Security Agreement (the "*Loan Agreement*") whereby OREC agreed to and did loan $26,500,000 (the "*Loan*") to The Landings, all related to property commonly known as Bristol Court Apartments, 3655 Westchase Village Lane, Norcross, Georgia 30092 (the "*Property*"). True and correct copies of the Note and Loan Agreement are attached hereto as Exhibits A and B, respectively.

**ANSWER:** CVI admits that, on February 28, 2006, Orix Real Estate Capital, Inc. ("OREC") entered into a Note and a Loan and Security Agreement with The Landings Florida LLC ("The Landings"). CVI admits that OREC agreed to and did loan $26,500,000 to The

Landings, but states that the terms of the Note and the Loan and Security Agreement are set forth therein. Further answering, CVI admits that ORIX has attached a true and correct copy of the Note and Loan Agreement to its Complaint as Exhibits A and B. CVI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. In connection with the Loan, on February 28, 2006, The Landings also executed a "Deed to Secure Debt, Assignment of Leases and Security Agreement" ("*Security Deed*") in favor of Lender, which was dutifully recorded with the Clerk of Gwinnett County, Georgia, a true and correct copy of which is attached hereto as Exhibit C.

**ANSWER:** CVI admits that the Landings executed the Security Deed on or about February 28, 2006. CVI lacks knowledge or information sufficient to form a belief about whether "Lender" dutifully recorded the Security Deed, and therefore denies this allegation.

7. As one of the conditions of entering into the Note, the Loan Agreement, and the other documents evidencing and securing the Loan (collectively, the "*Loan Documents*"), CVI entered into a "Guaranty (Payment)" (the "*Payment Guaranty*") in favor of Lender, a true and correct copy of which is attached hereto as Exhibit D.

**ANSWER:** CVI denies any characterization of the Loan Documents, and admits that it entered into a Guaranty (Payment) with ORIX Real Estate Capital, Inc., a copy of which is attached as Exhibit D. CVI denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Pursuant to Sections 1(a) and (b) of the Payment Guaranty, CVI agreed to be personally liable to Lender for the payment and satisfaction of all "Indebtedness, including Expenses," as defined in the Loan Agreement, and "Obligations" as set forth in the Loan Agreement, with all such Indebtedness, (including Expenses) and Obligations being defined in Section 1 of the Payment Guaranty as "*Guarantor's Liabilities*". "Indebtedness" is further defined in the Loan Agreement as meaning "all obligations of [The Landings] to Lender from time to time for the payment of money, including without limitation, the principal amount of the Loan outstanding from time to time, all Accrued Interest, the Exit Fee, all Charges and all amounts expended by Lender or on its behalf which [The Landings] is obligated to reimburse, including interest, as provided in the Loan Documents." "Expenses" are further defined at page 1 of the Payment Guaranty to mean "all reasonable attorney's fees, court costs and other legal expenses of any kind which Lender or any subsequent holder of the Note may pay or incur in

attempting to collect, compromise, or enforce, in any respect, any of Guarantor's Liabilities, whether or not suit is ever filed, and whether or not in connection with any insolvency, bankruptcy, reorganization, arrangement or other similar proceeding involving [The Landings], [CVI] or any other guarantor.  If Lender pays any such cost or expense, 'Expenses' shall also include interest at the Default Rate on any such payment from the date such cost or expenses is incurred until repayment to Lender in full."

**ANSWER:**   CVI admits only that Plaintiff has accurately quoted certain referenced provisions and definitions as set forth in the Payment Guaranty.  Further answering, CVI states that the Payment Guaranty and Loan Agreement speak for themselves and denies any allegation set forth in Paragraph 8 of Plaintiff's Complaint that misstate or mischaracterize the terms and conditions set forth in the Payment Guaranty and Loan Agreement.

9.     At Section 9 of the Payment Guaranty, entitled "Limitation of Liability," CVI has no liability under the Payment Guaranty until: " . . . (A) an Event of Default under the Loan Agreement has occurred and (B) Lender has commenced the exercise of remedies under one or more of the Loan Documents...."  If both of these circumstances occur, CVI's liability under the Payment Guaranty is then limited to ". . . an amount equal to the "Deficiency (if any) plus Expenses".  *See* Payment Guaranty, §9(a).

**ANSWER:**   CVI admits only that Plaintiff has accurately quoted certain referenced provisions as set forth in the Payment Guaranty.  Further answering, CVI states that the Payment Guaranty speaks for itself and denies any allegation set forth in Paragraph 9 of Plaintiff's Complaint that misstates or mischaracterizes the terms and conditions set forth in the Payment Guaranty.

10.    "Deficiency" in turn is then defined in the Payment Guaranty as equal to the "positive difference, if any, obtained by subtracting from the Indebtedness either, at Lender's sole option, .... (ii) the amount received by Lender upon exercise of some or all, at Lender's discretion, of its remedies under the Mortgage and other Loan Documents; provided that in no event shall the Deficiency exceed One Million Five Hundred Thousand Dollars ($1,500,000)...."  *See* Payment Guaranty, §9(b).

**ANSWER:**   CVI admits only that Plaintiff has accurately quoted certain portions of referenced definitions as set forth in the Payment Guaranty.  Further answering, CVI states that the Payment Guaranty speaks for itself and denies any allegation set forth in Paragraph 10 of

Plaintiff's Complaint that misstates or mischaracterizes the terms and conditions set forth in the Payment Guaranty.

11.     Under the terms of the Payment Guaranty, CVI's liability was originally capped at a "Deficiency" amount of $1,500,000.00, plus the "Expenses" as defined above. *See* id., §9.

**ANSWER:**    CVI states that the Payment Guaranty speaks for itself and denies any allegation that misstates or mischaracterizes the terms or conditions of the Payment Guaranty.

12.     On or about February 28, 2006, OREC, pursuant to an Assignment and Assumption Agreement, assigned to ORIX, *inter alia*, the Note, the Loan Agreement, the Payment Guaranty, and the other Loan Documents. A true and correct copy of this Assignment and Assumption Agreement is attached hereto as Exhibit E.

**ANSWER:**    CVI lacks sufficient information to form a belief about the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13.     In May 2007, for good and valuable consideration, CVI, another guarantor, Richard Nathan ("*Nathan*"), The Landings, and OREC entered into a "First Amendment to Loan and Security Agreement and Guaranty (Payment) and Reaffirmation of Guaranties" (the "*First Amendment*"), a true and correct copy of which is attached hereto as Exhibit F. Pursuant to the First Amendment, CVI agreed, *inter alia*, to increase the "Deficiency" limitation under the Payment Guaranty from $1,500,000.00 to $1,700,000.00. *See* First Amendment, §4. The "Deficiency" limitation, however, did not and does not apply to CVI's personal liability under the Payment Guaranty for "Expenses." Thus, CVI's personal liability under the Payment Guaranty for such "Expenses" was and is unlimited.

**ANSWER:**    The last two sentences in Paragraph 13 of Plaintiff's Complaint state legal conclusions to which no response from CVI is required. To the extent a response is required, CVI denies these allegations. Further answering, CVI admits that it entered into a "First Amendment to Loan and Security Agreement and Guaranty (Payment) and Reaffirmation of Guaranties" (the "First Amendment") with OREC in May 2007, a copy of which is attached as Exhibit F to Plaintiff's Complaint. Further answering, CVI states that the First Amendment speaks for itself and denies any allegation set forth in Paragraph 13 of Plaintiff's Complaint that misstates or mischaracterizes the terms or conditions of the First Amendment.

14. Thereafter, in October 2007, and among other known "Events of Default" under the Loan Documents, as well as others that may have existed at that time, the Note and Loan Agreement went into payment default, which constituted a further "Event of Default" under the Loan Documents and the Payment Guaranty, and notice thereof was sent to CVI by OREC on October 9, 2007, a true and correct copy of which is attached hereto as Exhibit G. Thereafter, on November 5, 2007, after the payment default was not cured, OREC sent CVI a notice of acceleration and demand for payment of all indebtedness due under the Loan Documents, a true and correct copy of which is attached hereto as Exhibit H.

**ANSWER:** The allegations of the first sentence of paragraph 14 state a legal conclusion to which no response from CVI is required. CVI admits only that it received a letter dated October 9, 2007, but denies that Exhibit G is a true and correct copy of such letter, because Exhibit G is incomplete on its face. Further answering, CVI denies that Exhibit G refers to a "payment default" and denies that Exhibit G was addressed to CVI. CVI admits that, on November 5, 2007, the Lender sent CVI a letter seeking payment of all indebtedness under the Loan Documents and that a true and correct copy of the November 5, 2007 letter is attached to Plaintiff's Complaint as Exhibit H. CVI denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. On November 5, 2007, ORIX, pursuant to an Assignment and Assumption Agreement ("*Assignment*") re-assigned to OREC, *inter alia*, the Note, the Loan Agreement, the Payment Guaranty, and the other Loan Documents. A true and correct copy of this Assignment is attached hereto as Exhibit I. Thereafter, on or about November 30, 2007, OREC, pursuant to an Assignment and Assumption Agreement, further re-assigned back to ORIX the Note, Loan Agreement, Payment Guaranty and the other Loan Documents. A true and correct copy of this Assignment is attached hereto as Exhibit J. Additionally, the Note was endorsed by OREC to ORIX pursuant to an Allonge dated November 30, 2007, a true and correct copy of which is attached hereto as Exhibit K. Further, on November 30, 2007, the reassignment of the Loan Agreement, First Amendment, Security Deed, and other Loan Documents to ORIX from OREC was evidenced in a recordable "Transfer and Assignment of Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement and of Assignment of Rents, Leases and Other Income", a true and correct copy of which is attached as Exhibit L, and which was thereafter recorded with the Gwinnett County, Georgia Recorder's office on December 3, 2007. Thus, ORIX currently is the holder of all of Lender's rights, title and interest in, to and under the Note, the Loan Agreement, the Payment Guaranty, and the other Loan Documents.

**ANSWER:** To the extent the allegations set forth in Paragraph 15 of Plaintiff's Complaint state a legal conclusion, no response from CVI is required. To the extent a response is required, CVI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16. Given the Events of Default as outlined above, and the failure of The Landings to pay the accelerated amounts due under the Loan Documents, ORIX exercised certain remedies available to it under a power of sale contained in the Security Deed and, on December 4, 2007, after advertising the Property for sale pursuant to the Loan Documents (including the Security Deed), and applicable Georgia law, ORIX was the successful bidder at sale for the Property, at a bid of $22,000,000 for the Property, and $500,000 for Personal Property (as defined in the Loan Documents) located on or appurtenant to the Property. This bid was subsequently confirmed by the Superior Court of Gwinnett County, Georgia, in Civil Action No. 07A110109, on February 19, 2008, a true and correct copy of which is attached hereto as Exhibit M. Upon confirmation of the sale of the Property and Personal Property, there remains a Deficiency due and owing Lender from CVI, as defined under the Payment Guaranty, well in excess of $1,700,000.00, plus all of Lender's Expenses as defined therein. Given the $1,700,000 limitation on the Deficiency aspect of the Payment Guaranty, $1,700,000 is currently due on the Deficiency, together with Lender's Expenses, with interest accruing on all such Expenses at the Default Rate of interest.

**ANSWER:** CVI lacks sufficient information to form a belief about the truth of the allegations in the first sentence of Paragraph 16 of Plaintiff's Complaint, and further states that what plaintiff refers to as Events of Default are not outlined above, and therefore denies those allegations. Answering further, CVI states that the Order attached as Exhibit M speaks for itself and denies any allegation in Paragraph 16 of Plaintiff's Complaint that misstates or mischaracterizes the Order. Answering further, CVI states that the remaining allegations in Paragraph 16 state legal conclusions to which no response from CVI is required. To the extent a response is required, CVI denies these allegations.

17. Pursuant to Section 9(c) of the Payment Guaranty, upon the establishment of the Deficiency and Expenses as set forth in paragraph 16 above, ORIX sent to CVI a demand for payment thereof within ten (10) days, a true and correct copy of which is attached hereto as

Exhibit N. Such 10 day period has expired and, to date, no payment has been received by ORIX of any of the Deficiency and/or Expenses.

**ANSWER:** CVI admits that ORIX sent CVI a letter on February 26, 2008 and that no payment was received by ORIX within ten days of receipt of the February 26, 2008 letter. Further answering, CVI states that the February 28, 2008 letter speaks for itself and denies any allegation set forth in Paragraph 17 of Plaintiff's Complaint that misstates or mischaracterizes the February 28, 2008 letter.

## COUNT I
## BREACH OF PAYMENT GUARANTY

18. ORIX hereby restates paragraphs 1-17 of this Complaint as if fully set forth herein.

**ANSWER:** CVI restates its answers to Paragraphs 1 through 17 of Plaintiff's Complaint as if set forth fully herein.

19. Pursuant to the express terms of the Payment Guaranty, CVI is liable for $1,700,000 of the Deficiency remaining after the approval of the sale of the Property, as alleged above. *See* Payment Guaranty, §§1, 2, 9.

**ANSWER:** The allegations set forth in Paragraph 19 of Plaintiff's Complaint state a legal conclusion to which no response from CVI is required. To the extent a response is required, CVI denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint. Further answering, CVI states that the Payment Guaranty speaks for itself and denies any allegation set forth in Paragraph 19 of Plaintiff's Complaint that misstates or mischaracterizes the terms and conditions of the Payment Guaranty.

20. CVI is also liable for Lender's Expenses, as well as interest calculated thereon at the Default Rate, until full repayment in full to Lender. *See id.*, §§1, 9.

**ANSWER:** The allegations set forth in Paragraph 20 of Plaintiff's Complaint state a legal conclusion to which no response from CVI is required. To the extent a response is required, CVI denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint. Further

answering, CVI states that the Payment Guaranty speaks for itself and denies any allegation set forth in Paragraph 20 of Plaintiff's Complaint that misstates or mischaracterizes the terms and conditions of the Payment Guaranty.

21   Lender has performed all of its duties and obligations under the Payment Guaranty and other Loan Documents, and has been damaged as a result of the breaches described herein.

**ANSWER:**   CVI denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, CVI asserts the following affirmative defenses and hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves the right to amend its Answer to assert any such defense.

1. Plaintiff failed to dispose of the Personal Property and Collateral at issue in a commercially reasonable manner as required by Illinois Uniform Commercial Code.

2. Plaintiff's claims may be barred by estoppel.

3. Plaintiff has waived CVI's and The Landings' compliance with certain conditions and provisions set forth in the Payment Guaranty and Loan Agreement, respectively.

4. To the extent CIV is found liable for any damages, any such amount must be set-off by any and all amounts received by Plaintiff in relation to the Loan at issue.

## PRAYER FOR RELIEF

WHEREFORE, CVI prays as follows:

1. That Plaintiffs take nothing by this action;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiffs be denied each and every demand and prayer for relief;

4. That CVI recover its costs and attorneys' fees in this Proceeding; and

5. For such other and further relief as the Court deems just and proper.

COMMERCIAL VENTURES, INC.


By:   /s/ Paul Del Aguila
        One of its Attorneys

Anthony L. Abboud
Matthew S. Gray
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
Tel.    (312) 456-8400

**CERTIFICATE OF SERVICE**

I, Paul Del Aguila, do hereby certify that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record below.

>David T.B. Audley
>Joseph P. Lombardo
>CHAPMAN AND CUTLER LLP
>111 West Monroe Street
>Chicago, IL 60603


　　　　　　　　　　　　　　　　　　　　__/s/   Paul Del Aguila_____